**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
                              :
ROBERT B. DAVIS,              :      Civil No.  09-4124 (RMB)
                              :
          Petitioner,         :
                              :
       v.                     :      OPINION
                              :
PAUL SCHULTZ,                 :
                              :
          Respondent.         :
_____:
```

**APPEARANCES:**

> **ROBERT B. DAVIS**, Petitioner pro se
> #11852-055
> FCI-USP-1
> P.O. Box 1033
> Coleman, Florida 33521

**BUMB, District Judge**

Petitioner, Robert B. Davis ("Davis"), is a federal inmate, who was confined at the FCI Fairton in Fairton, New Jersey, at the time he filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  In his petition, Davis asserts three claims for relief, alleging (1) denial of his right to grievance procedures, (2) biased treatment, and (3) erroneous computation of his sentence.  On December 11, 2009, Davis filed a motion to supplement his habeas petition, namely, to supplement his claim alleging an erroneous computation of his sentence.

(Docket entry no. 6).[1]   He did not address or supplement his claims concerning the denial of grievance procedures and biased treatment.  Davis was transferred to the FCI/USP at Coleman, Florida in or about November 2009.  His petition names only Paul Schultz, Warden at FCI Fairton, as the respondent in this action.

For the reasons set forth below, this Court will dismiss without prejudice the claim asserting a denial of petitioner's First Amendment right to grievance procedures and the claim alleging biased treatment.  However, his claim alleging an error in the computation of his sentence will be allowed to proceed at this time, and the respondent will be directed to answer the petition accordingly.

## I.  BACKGROUND

The following factual allegations are taken from the petition and supplemental petition, and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of petitioner's allegations.

On July 4, 2009, Davis and another inmate at FCI Fairton had a disagreement over the television and began threatening each

---

[1]  On September 4, 2009, Davis wrote to this Court requesting a stay of movement.  It appears that he was asking the Court to stop his disciplinary transfer from FCI Fairton, which was initiated by Davis' Unit Manager at FCI Fairton based on his disciplinary action for fighting another inmate.  Davis eventually was transferred to the FCI-USP in Coleman, Florida in or around November 2009.  Accordingly, Davis' request for relief from transfer is rendered moot.

other with bodily harm.  Davis admits that "out of fear for [his]
safety," he struck the inmate three times in the face.  Both
Davis and the other inmate were removed and placed in the Special
Housing Unit ("SHU") pending investigation and disciplinary
proceedings.  Davis states that the other inmate was returned to
general population on July 9, 2009, with no disciplinary action
taken against him.  However, Davis was sent to the Disciplinary
Hearing Officer ("DHO") and sanctioned with 30 days in the SHU
and 27 days loss of good conduct time ("GCT").  It appears that
Davis also was removed from the residential alcohol and drug
treatment program ("RDAP"), and Davis alleges that the other
inmate was not removed from the RDAP even though he was involved
in the altercation.

Davis states that on July 16, 2009, he filed an inmate
remedy form (BP-8) concerning the "biased treatment" he received
after the July 4ᵗʰ incident.  He complains that he did not
receive the grievance form back with a response within five
working days, which is necessary for him to attach the BP-8 form
to the next step in the grievance process, namely, the filing of
a BP-9 form.  Davis claims that this is a denial of his
constitutional right to grievance.

Finally, Davis contends that the Bureau of Prisons ("BOP")
has erred in computing his sentence.  In 2004, Davis was
convicted in the United States District Court for the Western

District of New York on a bank robbery offense, and sentenced to a prison term of 188 months with three years supervised release. Davis later filed a motion to vacate or modify his sentence under 28 U.S.C. § 2255.  On April 27, 2007, the sentencing court denied the § 2255 motion in part and granted it in part with an Order to re-sentence petitioner.  On March 7, 2008, Davis was re-sentenced to 103 months in prison and three years supervised release.

Davis now contends that he is being held beyond his "presumptive" release date.  He alleges that the sentencing court intended to give Davis 17 months credit for time served in state custody.  Davis further contends that with the 17 months credit and statutory good conduct time, his sentence should have been reduced to seven years.  Because Davis has been incarcerated since August 27, 2002, the date of his arrest on the bank robbery charge, he now asserts that he is serving beyond his term and should be entitled to immediate release.

## II. <u>ANALYSIS</u>

United States Code Title 28, Section 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

The Court recognizes that a <u>pro</u> <u>se</u> pleading is held to less stringent standards than more formal pleadings drafted by

4

attorneys.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Haines v.</u>
<u>Kerner</u>, 404 U.S. 519, 520 (1972).  Thus, a <u>pro</u> <u>se</u> habeas petition
should be construed liberally and with a measure of tolerance.
<u>See</u> <u>Royce v. Hahn</u>, 151 F.3d 116, 118 (3d Cir. 1998); <u>Lewis v.</u>
<u>Attorney General</u>, 878 F.2d 714, 721-22 (3d Cir. 1989).  Because
Davis is proceeding <u>pro</u> <u>se</u> in his application for habeas relief,
the Court will accord his petition the liberal construction
intended for <u>pro</u> <u>se</u> litigants.

In <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973), the Supreme
Court left open the question whether a habeas petition is
available to challenge prison conditions.  411 U.S. at 499-500.
The Court of Appeals for the Third Circuit has held, however,
that a district court does not have subject matter jurisdiction
under 28 U.S.C. § 2241 over a habeas petition that does not
challenge the fact or duration of confinement.  <u>Royce</u>, 151 F.3d
at 118.

"The label placed on a petition, however, is not
determinative."  <u>Id</u>.  A mis-labeled petition "should not be
dismissed until other legitimate avenues of relief are
administered."  <u>Id</u>.

Here, with respect to Claims One and Two, alleging denial of
right to grievance and biased treatment, Davis is essentially
challenging the conditions of his confinement.  These claims
clearly are not attacking the ultimate duration of Davis'

confinement.  See Wright v. Cuyler, 624 F.2d 455, 458 (3d Cir. 1980)(held that gaining admission to a home furlough program was a condition of confinement which can only be challenged by way of civil rights action under § 1983); see also Jamieson v. Robinson, 641 F.2d 138, 141 (3d Cir. 1981)(held that a claim respecting eligibility for work release program sounds in § 1983, not in habeas corpus).  Therefore, where the habeas relief Davis allegedly seeks with respect to these two claims would not serve to diminish the length of his incarceration, but instead, directly affects the conditions of his confinement, such claims can be brought only as a civil rights action under Bivens,[2] not a habeas corpus action under § 2241.  Accordingly, the Court does not have subject matter jurisdiction under § 2241 to consider Claims One and Two of Davis' initial habeas petition.

Pursuant to the rule announced in Royce, however, the Court will sever Claims One and Two from the remaining habeas Claim Three, and direct the Clerk of the Court to docket the matter as a separate civil rights action under Bivens.  If petitioner seeks to proceed with a separate civil complaint under Bivens, then he must file the appropriate filing fee of $350.00 for civil complaints, or submit a proper application to proceed in forma pauperis.

---

[2]     Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

6

Finally, as to Claim Three asserted in the initial petition and which is the only claim asserted in the supplemental petition, Davis alleges that the BOP has erred in computing his sentence by not giving him 17 months credit for time served in state custody. The Court finds that this claim does appear to affect the duration of Davis' sentence. Consequently, Claim Three is a cognizable § 2241 habeas claim because Davis is challenging the execution of his sentence and is seeking immediate release on the ground that he has served beyond the time imposed by the sentencing court. Accordingly, the Court will direct that the respondent answer the petition and supplemental petition as to this claim only.

<u>**CONCLUSION**</u>

Based on the foregoing, Claims One and Two of the initial petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 are hereby dismissed without prejudice for lack of subject matter jurisdiction at this time. These claims will be severed from this action, and a new docket will be opened for further proceedings with respect to these civil rights claims under <u>Bivens</u>. However, the remaining claim in the initial petition (Claim Three), and the supplemental petition, will proceed at this time, and the Court will direct the respondent to provide an answer with the relevant record within

the time prescribed by the Rules of the Court.  An appropriate

Order accompanies this Opinion.


                                        s/Renée Marie Bumb
                                        RENÉE MARIE BUMB
                                        United States District Judge

Dated: March 19, 2010

8