```
                      UNITED STATES DISTRICT COURT
                         DISTRICT OF NEW JERSEY
```

|  |  |  |
|---|---|---|
| ROBERT B. DAVIS, | : | Civil No.  09-4124 (RMB) |
|     Petitioner, | : |  |
| v. | : | **ORDER** |
| PAUL SCHULTZ, | : |  |
|     Respondent. | : |  |

FOR THE REASONS expressed in the Opinion filed herewith,

IT IS on this **19th** day of **March 2010**,

**ORDERED** that Claims One and Two in the initial Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, alleging biased treatment and denial of a constitutional right to grievance, are **DISMISSED WITHOUT PREJUDICE**, for lack of subject matter jurisdiction at this time; and it is further

**ORDERED** that Claims One and Two, as asserted by Petitioner in his initial Petition, shall be severed and treated as a civil complaint for relief under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)(the "Bivens action"); and it is further

**ORDERED** that the Clerk of the Court shall assign the Bivens action a separate docket number; and it is further

**ORDERED** that, in connection with the Bivens action, the Clerk of the Court shall file in that action a copy of the

Petition, this Order, and the Opinion filed herewith; and it is further

**ORDERED** that, in connection with the Bivens action, that the Clerk of the Court shall administratively terminate the Bivens case due to Plaintiff's failure to submit a complete application to proceed in forma pauperis or pay the $350.00 filing fee, without filing the complaint or assessing a filing fee; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar *if it was originally filed timely*, see Houston v. Lack, 487 U.S. 266 (1988)(prisoner mailbox rule); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996); see also Williams-Guice v. Board of Education, 45 F.3d 161, 163 (7th Cir. 1995); and it is further

**ORDERED** that, in connection with the Bivens action, the Clerk of the Court shall supply to Plaintiff a blank form Application to Proceed In Forma Pauperis; and it is further

**ORDERED** that if Plaintiff wishes to reopen his Bivens action, he shall so notify the Court, in writing addressed to the Clerk of the Court, 402 East State Street, Trenton, New Jersey 08608, within 30 days of the date of entry of this Order; Plaintiff's writing shall include either (1) a complete in forma pauperis application, including an affidavit of indigence, **and** six-month prison account statement, signed and certified by an

2

authorized officer of the institution where he is confined, or (2) the $350 filing fee; and it is further

**ORDERED** that, in connection with the <u>Bivens</u> action, upon receipt of a writing from Plaintiff stating that he wishes to reopen his <u>Bivens</u> case, and either a complete <u>in forma pauperis</u> application or filing fee within the time allotted by this Court, the Clerk of the Court will be directed to reopen the <u>Bivens</u> case; and it is further

**ORDERED** that with respect to the remaining habeas claim asserted by Petitioner, namely Claim Three of the initial Petition, and the Supplemental Petition (Docket entry no. 6), the Clerk of the Court shall serve copies of the Petition, the Supplemental Petition, this Order, and all other documents docketed in this matter upon Respondent by certified mail, return receipt requested, with all costs of service advanced by the United States; and it is further

**ORDERED** the Clerk shall forward, electronically or by regular mail, a copy of the Petition, the Supplemental Petition, and this Order to the Chief, Civil Division, United States Attorney's Office, 970 Broad Street, Room 700, Newark, NJ 07102; and it is further

**ORDERED** that, in accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b), <u>see</u> 28 U.S.C. § 2254 Rules 1(b), 4, this Court has screened the Petition for dismissal and determined that dismissal

3

of Claim Three and the Supplemental Petition without an answer and the record is not warranted; and it is further

**ORDERED** that, within **30** days of the date of the entry of this Order, Respondent shall electronically file an answer which responds to the allegations of the Petition and the Supplemental Petition paragraph by paragraph; and it is further

**ORDERED** that the answer shall state the statutory authority for Petitioner's detention, see 28 U.S.C. § 2243; and it is further

**ORDERED** that Respondent shall electronically file with the answer certified copies of the administrative record and all documents relating to Petitioner's claim; and it is further

**ORDERED** that, within 30 days of receipt of the answer, Petitioner shall file and serve a reply to the answer; and it is further

**ORDERED** that, within 7 days of Petitioner's release, be it on parole or otherwise, Respondent shall electronically file a written notice of the same with the Clerk; and it is finally

**ORDERED** that the Clerk shall serve this Order on Petitioner by regular mail.

                                                s/Renée Marie Bumb
                                                RENÉE MARIE BUMB
                                                United States District Judge