**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|                     |   |                         |
|---------------------|---|-------------------------|
| ROBERT B. DAVIS,    | : | Civil No. 09-4124 (RMB) |
|                     | : |                         |
| Petitioner,         | : |                         |
|                     | : |                         |
| v.                  | : | **OPINION**             |
|                     | : |                         |
| PAUL SCHULTZ, et al.,| : |                        |
|                     | : |                         |
| Respondents.        | : |                         |

**APPEARANCES:**

    **ROBERT B. DAVIS**, Petitioner pro se
    #11852-055
    FCI-USP-1
    P.O. Box 1033
    Coleman, Florida 33521

    PETER G. O'MALLEY, AUSA
    OFFICE OF THE U.S. ATTORNEY
    970 Broad Street, Suite 700
    Newark, New Jersey 07102
    Counsel for Respondent

**BUMB, District Judge**

    Petitioner, Robert B. Davis ("Davis"), is a federal inmate, who was confined at the FCI Fairton in Fairton, New Jersey, at the time he filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Davis was transferred to a federal facility in Coleman, Florida, after his petition was filed; therefore, this Court retains jurisdiction over the petition.[1]

---

[1] In his initial petition, Davis named Paul Schultz, Warden at FCI Fairton, where Davis was confined at that time, as the

For the reasons set forth below, the Court finds that the petition for habeas relief should be denied.

## I. BACKGROUND

Davis filed his initial habeas petition on or about August 12, 2009. He set forth three claims in his petition: (1) denial of his right to grievance procedures, (2) biased treatment, and (3) erroneous computation of his sentence. On December 11, 2009, Davis filed a motion to supplement his habeas petition, namely, to supplement his claim alleging an erroneous computation of his sentence. (Docket entry no. 6).[2] He did not address or supplement his claims concerning the denial of grievance procedures and biased treatment. Davis was transferred to the FCI/USP at Coleman, Florida in or about November 2009.

---

only party respondent. However, on April 5, 2010, Davis filed a motion for leave to amend his petition to add his current custodian, Scott Middlebrook, Warden at USP-1 Coleman, as a respondent, as well as Eric Holder, Attorney General, and the Federal Bureau of Prisons ("BOP") as party respondents. Because this motion for leave to amend was filed before any answer was submitted by respondent, this Court will deem the petition amended as of right under Rule 15, of the Federal Rules of civil Procedure.

[2] On September 4, 2009, Davis wrote to this Court requesting a stay of movement. It appears that he was asking the Court to stop his disciplinary transfer from FCI Fairton, which was initiated by Davis' Unit Manager at FCI Fairton based on his disciplinary action for fighting another inmate. Davis eventually was transferred to the FCI-USP in Coleman, Florida in or around November 2009. Accordingly, Davis' request for relief from transfer was rendered moot.

2

On March 19, 2010, this Court issued an Opinion and Order dismissing without prejudice the first two claims for relief in the petition for lack of jurisdiction because the claims were challenging the conditions of Davis' confinement.[3] (See Docket entry nos. 9 and 10). As to the third claim for habeas relief, in which Davis alleges that the Bureau of Prisons ("BOP") erred in computing his sentence by failing to give him 17 months credit for time served in state custody, the Court directed respondent to answer the petition. (Id.).

The Government answered the petition on May 11, 2010. (Docket entry no. 17). Davis filed his traverse or reply to the Government's answer on or about June 18, 2010. (Docket entry no. 20).

The record shows that Davis was convicted in the United States District Court for the Western District of New York on a charge of bank robbery in violation of 18 U.S.C. § 2113(a). On March 26, 2004, the Honorable John Elfin, U.S.D.C., sentenced Davis to a federal prison term of 188 months to be followed by a term of three years supervised release. However, on March 7, 2008, Davis was re-sentenced in the same federal criminal action

---

[3] The claims were severed from the habeas action, and the Clerk of the Court was directed to docket the matter as a separate civil rights action under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which was then administratively terminated because Davis did not submit a complete application to proceed in forma pauperis or pay the $350.00 filing fee.

to 103 months imprisonment with three years of supervised release, pursuant to an amended judgment and conviction issued by Chief Judge Richard Arcara in the United States District Court, Western District of New York. (Respondents' Answer at pg. 3, Declaration of Alan Ray[4] ("Ray Decl.") at ¶¶ 5a and 5b, and Exhibits Nos. 3, 4).

Prior to his federal conviction, Davis had been arrested on August 26, 2002, by the Buffalo, New York Police Department on robbery charges in violation of New York state law. Shortly after his arrest, on August 30, 2002, Davis was taken into federal custody temporarily pursuant to a federal writ of habeas corpus ad prosequendum. After Davis' March 26, 2004 sentencing by Judge Elfvin, Davis was returned to state custody on July 14, 2004. On July 28, 2004, the State of New York, Executive Department, Division of Parole, issued a Parole Jail Time Certification crediting Davis for the time he spent in custody from August 26, 2002 to February 11, 2004. 535 days of credit were applied towards his original state court sentence that had been imposed on March 24, 1993. (Ray Declaration at ¶ 6(a)-(f), Exs. 3-6).

---

[4] The Government submitted the Declaration of Alan Ray, Management Analyst at the Designation and Sentence Computation Center in Grand Prairie, Texas. Ray provides assistance to the U.S. Attorney's Office when federal inmates challenge their sentence computation. (Ray Declaration, at ¶ 1).

The Government contends that the above information formed the basis for Davis' federal sentence computation, which was completed by the BOP in accordance with BOP Program Statement 5880.28, Sentence Computation Manual. The BOP computed Davis' re-sentence based on the 103-month term of imprisonment, which commenced on the date Davis' original federal sentence was imposed, March 26, 2004. The Government contends that Davis has received all prior custody credit beginning on the day after he completed his state sentence (February 12, 2004 through March 25, 2004), for a total of 43 days. Thus, assuming Davis earns the 357 days of good conduct time projected for him, Davis has a projected release date of September 21, 2011. (Ray Declaration, ¶ 7, Ex. 7, and Exs. 2, 3, 4 and 5).

Davis contends that he is being held beyond his "presumptive" release date, alleging that the sentencing court intended to give Davis 17 months credit for time served in state custody. Davis argues that with the 17 months credit and statutory good conduct time, his sentence should have been reduced to seven years. Because Davis has been incarcerated since August 27, 2002, the date of his arrest on the bank robbery charge, Davis asserts that he is serving beyond his term and should be entitled to immediate release.

## II. ANALYSIS

The Court recognizes that a pro se pleading is held to less stringent standards than more formal pleadings drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). Thus, a pro se habeas petition should be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989). Because Davis is proceeding pro se in his application for habeas relief, the Court will accord his petition the liberal construction intended for pro se litigants.

A. Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(a), (c)(3).

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485-486 (3d Cir. 2001). A petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district where the prisoner is confined provides a remedy "where petitioner challenges the effects of events 'subsequent' to his sentence." Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir.

1976)(challenging erroneous computation of release date).  See also Soyka v. Alldredge, 481 F.2d 303 (3d Cir. 1973)(where petitioner alleged a claim for credit for time served prior to federal sentencing).

Moreover, if the BOP erred in calculating Davis' sentence by not applying credit for the time he spent in state custody, as alleged, then Davis would be entitled to earlier or immediate release from prison, and his continued confinement would constitute a miscarriage of justice that can be corrected only through habeas corpus.  Murray v. Carrier, 477 U.S. 478, 495 (1986); Barden v. Keohane, 921 F.2d 476 (3d Cir. 1991).

Accordingly, this Court has subject matter jurisdiction under § 2241 to consider this matter since Davis does not challenge the imposition of the sentence, but instead challenges the execution of the sentence based on the BOP's alleged error in not giving him credit against his federal sentence for the full time served in state custody, and because he was confined in New Jersey at the time he filed his petition.  See Vega v. United States, 493 F.3d 310, 313 (3d Cir. 2007)(challenge to BOP's failure to give credit for time served prior to federal sentencing is cognizable under § 2241);  See Barden v. Keohane, 921 F.2d at 478-79 (challenge to BOP's refusal to decide whether to designate state prison as a place of federal confinement); 2

James S. Liebman & Randy Hertz, <u>Federal Habeas Corpus Practice and Procedure</u> § 41.2b (3rd ed. 1998).

B. <u>Computation of Federal Sentence</u>

The Attorney General is responsible for computing federal sentences for all offenses committed on or after November 1, 1987, <u>see</u> 18 U.S.C. § 3585; <u>United States v. Wilson</u>, 503 U.S. 329 (1992), and has delegated that authority to the Director of the Bureau of Prisons under 28 C.F.R. § 0.96 (1992). <u>See</u> <u>United States v. Brann</u>, 990 F.2d 98, 103-04 (3d Cir. 1993).

Computation of a federal sentence is governed by 18 U.S.C. § 3585, and is comprised of a two-step determination: first, the date on which the federal sentence commences and, second, the extent to which credit may be awarded for time spent in custody prior to commencement of the sentence ("prior custody credit").

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

8

that has not been credited against another sentence.
18 U.S.C. § 3585(a), (b).

There are three ways that an inmate can accrue federal jail credit: (1) credit for time spent in custody while actually serving a federal sentence; (2) credit for prior custody under 18 U.S.C. § 3585(b); and (3) credit for time spent in non-federal pre-sentence custody during which the inmate is denied bail because of a federal detainer, commonly referred to as "Willis" credit. See Willis v. United States, 438 F.2d 923 (5th Cir. 1971).

Section 3585(b) allows an inmate to use time served in custody prior to the imposition of a sentence towards the completion of that sentence when the custody was "(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." This last clause provides that time spent in custody cannot be credited toward a federal sentence if it was used to satisfy a non-federal sentence. The Supreme Court has made clear that inmates are not allowed to "double count" credit. See United States v. Wilson, 503 U.S. 329 (1992).

While § 3585(b) governs calculation of a sentence by the BOP, § 3584 gives the federal sentencing court the power to

impose a sentence that runs concurrent to a state sentence.

Section 3584 provides:

> (a) Imposition of concurrent or consecutive term. - If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.
>
> (b) Factors to be considered in imposing concurrent or consecutive terms. - The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a).
>
> (c) Treatment of multiple sentence as an aggregate. - Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment.

18 U.S.C. § 3584; see also Ruggiano v. Reish, 307 F.3d 121, 132 (3d Cir. 2002)(sentencing court has authority under 18 U.S.C. § 3584 and United States Sentencing Guidelines § 5G1.3(c) to order a federal sentence to be fully and retroactively concurrent to a state sentence the defendant was already serving).

C. <u>Commencement of Davis' Sentence</u>

As stated above, "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence

service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). See also Chambers v. Holland, 920 F. Supp. 618, 621 (M.D.Pa.), aff'd mem., 100 F.3d 946 (3d Cir. 1996). A federal sentence does not commence when a federal defendant is produced for prosecution by a federal writ of habeas corpus ad prosequendum from state custody. Chambers, 920 F. Supp. at 622. Moreover, "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a).

In this case, the BOP has determined that Davis' federal sentence commenced on March 26, 2004, the date his initial sentence was imposed and judgment of conviction was entered. Davis appears to contend that his federal sentence should be calculated to commence on August 27, 2002, the date he was arrested by New York state authorities, and thus, prior custody credits should be award from that date. Accordingly, Davis argues that when his sentence was reduced to 103 months, it should have been calculated to run from the earlier date, August 27, 2002, and with good conduct time credits, he is thus well over his maximum release date.

This Court finds that the BOP's determination as to the commencement of Davis' federal sentence is consistent with

§ 3585(a). Petitioner's federal sentence commenced on the day it was imposed, as he was in the primary jurisdiction of the State of New York[5] and his federal sentence could not start any earlier than the date on which it was imposed. See Shelvy v. Whitfield, 718 F.2d 441, 444 (D.C. Cir. 1983); United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980).

D. Prior Custody Credits

The Government next argues that Davis is entitled to prior custody credit only if it is in accord with 18 U.S.C. § 3585(b). Specifically, the Government contends that an award of prior custody credit for the time period of August 30, 2002 through February 11, 2004 is prohibited because it would be a double credit contrary to the provisions of 18 U.S.C. § 3585 (b).

---

[5] Generally, the sovereign which first arrests an individual acquires primary jurisdiction for purposes of trial, sentencing, and incarceration. Chambers, 920 F. Supp. at 622. Primary jurisdiction remains vested in the jurisdiction which first arrested defendant until that jurisdiction relinquishes its priority by bail release, dismissal of state charges, parole release, or expiration of sentence. Id.; see also U.S. v. Cole, 416 F.3d 894, 897 (8th Cir. 2005). A sovereign does not relinquish authority by producing a state prisoner for sentencing in a federal court via a writ of habeas corpus *ad prosequendum*. See Cole, 416 F.3d at 896-897; Thomas v. Brewer, 923 F.2d 1361, 1365 (9th Cir. 1991); Chambers, 920 F. Supp. at 622.

In this case, Davis was in the primary jurisdiction of the State of New York because he was first arrested by the state authorities on August 27, 2002, and was in temporary federal custody from August 30, 2002 to February 11, 2004 pursuant to a writ of habeas corpus *ad prosequendum*.

The Supreme Court expressly noted that, under 18 U.S.C. § 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." United States v. Wilson, 503 U.S. 329, 337 (1992); see also Rios v. Wiley, 201 F.3d at 274. This ban on double credits also applies to those situations where the petitioner is in federal detention under a writ of habeas corpus *ad prosequendum* during the time for which presentence credits are sought. Rios v. Wiley, supra. Thus, the Government argues, under § 3585(b), prior custody credits may only be granted in this case for the time Davis spent in federal detention for which he did not receive credit towards another sentence.

Here, the time Davis spent in federal custody, from August 30, 2002 to February 11, 2004, purportedly was credited towards his New York state sentence. Therefore, the Government contends that Davis is not entitled to credit his federal sentence with time already credited against his state sentence. See Wilson, 503 U.S. at 337; Rios v. Wiley, 210 F.3d at 274.

Davis claims, however, that, Chief Judge Arcara adjusted his sentence from 188 months to 103 months "to reflect all pre-existing state sentences (parole included) and to make adjustment binding on BOP as part of [Davis'] final sentence pursuant to U.S.S.G. 5G1.3(c) see: Rio[s] v. Wiley, 34 F. Supp.2d. 265." (See Davis' Administrative Remedy dated August 14, 2008, attached

13

as Ex. 11 to Ray Declaration).  It would appear that Davis is arguing that the re-sentencing court intended to make his federal sentence retroactively concurrent with petitioner's state sentence, pursuant to Section 5G1.3(c)[6] of the U.S. Sentencing Guidelines ("U.S.S.G."), and that accordingly, the BOP is now required to give credit for the time Davis spent in federal detention (from August 30, 2002 to February 11, 2004) even though that time already was credited toward service of his state sentence.  In this regard, Davis relies upon <u>Rios v. Wiley</u>, and argues that neither § 3585(b) or <u>Wilson</u> limits a sentencing court's authority to apply U.S.S.G. § 5G1.3(c) and impose a concurrent sentence that would ensure that a federal sentence, while imposed at a later time, took into account prior time served on an unrelated state sentence.

---

[6] A federal court's authority to order that terms of imprisonment imposed at different times shall run concurrently is limited to cases in which the federal term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment.  18 U.S.C. § 3584(a).  Under U.S.S.G. § 5G1.3(c), the court may impose a sentence "to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense."  U.S.S.G. § 5G1.3(c). Further, under U.S.S.G. §5G1.3(b), a concurrent sentence is mandatory and shall be imposed to run concurrently to an undischarged sentence when "the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense."  U.S.S.G. § 5G1.3(b).

14

This Court finds Ruggiano v. Reish, 307 F.3d 121 (3d Cir. 2002)[7] to be somewhat instructive here.  In Ruggiano, the United States Court of Appeals for the Third Circuit held that in imposing a sentence, a district court may grant an adjustment for time served on a preexisting sentence pursuant to U.S.S.G. § 5G1.3(c).  Under Ruggiano, a sentencing court may exercise this option to grant an adjustment under § 5G1.3(c) by making the federal sentence concurrent with the state sentence for the full period of the preexisting sentence (retroactively concurrent) or only concurrent for the remainder of the preexisting sentence from the date when the federal sentence was imposed.

Of relevance in Ruggiano, the sentencing judge stated "that he thought it appropriate to go ahead and recommend that

---

[7] In Ruggiano, the United States Court of Appeals for the Third Circuit held that in imposing a sentence, a federal district court may grant an "adjustment" for time served on a pre-existing sentence pursuant to U.S.S.G. § 5G1.3(c).  Notably, the application note 3(E) to § 5G1.3 (U.S. Sentencing Guidelines Manual § 5G1.3 cmt. N. 3(E)(2003)) appears to be in conflict with the holding in Ruggiano.  The note provides that, "subsection (c) does not authorize an adjustment of the sentence for the instant offense for a period of imprisonment already served on an undischarged term of imprisonment."  Although credit may be given in extraordinary circumstances for time served on a pre-existing sentence, the credit is properly deemed a downward departure and not an adjustment.  Notwithstanding this note, Ruggiano remains the controlling precedent.  While the Third Circuit has addressed the effect of note 3(E) on the Ruggiano holding, and has found that the note abrogated Ruggiano, it has not done so in a "precedential" opinion.  See United States v. Destio, 153 Fed. Appx. 888, 893-94 (3d Cir. 2005).

15

[Ruggiano's sentence] be served concurrently and that he receive credit for the amount of time that he served there." Id., 307 F.3d at 124. "Then, in his written judgment, [the sentencing judge] recited that Ruggiano's sentence was to 'run concurrent with State sentence. Defendant to receive credit for time served.'" Id. The Third Circuit found that this language conveyed an intent of the sentencing judge to grant an adjustment by making the federal sentence retroactively concurrent for the entire period of the state sentence pursuant to § 5G1.3(c).

Here, the Amended Judgment and Commitment Order issued by Chief Judge Arcara shows that the court imposed a 103 month term of imprisonment. There is no language in the written Order that the federal sentence was to be served concurrently with the New York state sentence, most likely because it was issued long after the state sentence had been served. (See Amended Judgment and Commitment Order, Ray Declaration at Ex. 4). Likewise, there was no mention of concurrent sentencing in the original Judgment and Commitment Order. (See Judgment and Commitment Order, Ray Declaration at Ex. 3). Indeed, as the record reflects, Davis' state sentence had been completed 43 days before his federal sentence was initially imposed. (See Ray Declaration at ¶ 6). Thus, there is no language in the written order that would support an intent to award prior custody credits for time already served for the state sentence as was used in the Ruggiano case,

16

in which the Third Circuit found an intent by the sentencing court to impose a retroactively concurrent sentence.

However, Davis relies on the re-sentencing transcript, in which Davis contends that Chief Judge Arcara made clear his intention of having the 17 months in question credited to Davis. The full re-sentencing transcript, dated March 7, 2008, is attached to both petitioner's supplemental petition and the Government's response (<u>see</u> Ray Declaration at Ex. 9). This Court has carefully reviewed the transcript to discern whether there was an intention to award Davis credit for the 17 months as he seeks in his petition.

In particular, at issue, is the re-sentencing court's language, as follows:

> In addition, because of an error by his original attorney the defendant failed to receive credit for approximately 17 months he served in federal custody. The court feels that the defendant shall receive some sort of credit for this time.

(March 7, 2008 Re-Sentencing Transcript at P16:L23-17:2). Davis argues this makes clear the re-sentencing court's intent to award petitioner for the full 17 months served in federal custody.

The Government gives more context, however, to the Court's intent. Indeed, the re-sentencing court plainly indicated that it had a number of reasons for imposing a non-Guideline sentence of 103 months, which was well below the minimum guideline of 155

17

months. The 17 months Davis served in temporary federal custody was only one of several reasons the court gave at the March 7, 2008 hearing for its adjustment of Davis' federal sentence.

Thus, there does not appear to be any basis for the sentencing court to further "adjust" Davis' sentence downward, especially where the time period in question was already credited towards Davis' state sentence. While the sentencing judge need not cite applicable statutory or sentencing guidelines when imposing the sentence, see Ruggiano, 129 F.3d at 134, in this case, there is simply no expression of intent by the court at the sentencing hearing to impose a retroactively concurrent sentence as that found in Ruggiano. The re-sentencing court simply stated that some credit should be given, but the court did not expressly state that the full 17 months be credited in addition to the significant reduction in Davis' sentence of 85 months.

In reading the transcript, however, this Court finds that the 103 month sentence imposed actually took into account the 17 months, as the re-sentencing was effected pursuant to Davis' § 2255 motion, which had sought re-sentencing based on the Government's breach of a plea agreement by not advocating for a sentence at the low end of the guideline range, which the court found to be 120-months. (March 7, 2008 Re-sentencing Transcript at 2:15-22). In recounting the many reasons for the downward departure or sentence adjustment, the re-sentencing court again

18

observed that the original plea agreement breached by the Government would have allowed Davis to plead to an 120-month sentence, and that because of an error by Davis' trial counsel he would have received 17 months credit for the time Davis served in federal custody. (Id. at 16:14-17:2). Therefore, it is clear from reading the entire re-sentencing transcript that the court's imposition of the 103 month sentence already included credit for the 17 months. Consequently, an additional credit for 17 months as sought by Davis here would be a double credit not intended by the sentencing court who had already adjusted his sentence accordingly.

Finally, to the extent that Davis is seeking additional credit for the period of time he spent in federal custody pursuant to the federal writ of habeas corpus *ad prosequendum*, his claim is without merit. See Ruggiano, 307 F.3d at 125 n.1 ("time spent in federal custody pursuant to a writ *ad prosequendum* is credited toward his state sentence, not his federal sentence."). Therefore, this Court finds that the BOP did not err in its calculation of Davis' federal sentence and in its denial of additional credit for the time Davis spent in federal custody on a writ *ad prosequendum* from August 30, 2002 through February 11, 2004, because this time period was credited towards petitioner's state sentence, and such would constitute double credit in violation of 18 U.S.C. § 3585(b). Moreover, it

seems clear from the re-sentencing transcript that the 103 month sentence actually encompassed a credit for the 17 months in temporary federal custody, and any additional credit by the BOP would constitute an impermissible double credit.  Thus, given the clear intent expressed by the re-sentencing court, this Court finds that the BOP's decision concerning the calculation of Davis' sentence and the award of prior custody credit is mandated and limited by 18 U.S.C. § 3585(a) and (b), as set forth above.  The habeas petition is denied accordingly.

## **CONCLUSION**

Based on the foregoing, the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is hereby denied.  An appropriate Order accompanies this Opinion.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: December 21, 2010